STEPHEN G. McCLENNY and SAMUEL McCOWEN, Appellants, vs. GEORGE A. FLOYD, Administrator, etc., Appellee — Appeal from Montgomery County.

The hire or use of property sequestered is not one of the enumerated subjects of the liability of a surety on a bond to obtain its release, and the enumeration must be held to include all.

A surety upon a bond for the production of property seized under a writ of sequestration is discharged by the delivery into the hands of the sheriff of the property, as well before as after verdict, and is thereby rendered competent to testify between the parties.

This suit was brought by the appellee's intestate, Joseph Floyd, to recover of the appellants certain negroes claimed by the former as his property.

Floyd, the plaintiff below, caused the negroes to be seized by the sheriff by virtue of a writ of sequestration. To obtain the release of the negroes from the sequestration, the defendants gave bond to the plaintiff on the 13th day of July, 1843, conditioned that the defendants should deliver to the sheriff the negroes on or before the first day of the term of the court then next ensuing, or at any time when he (the sheriff) should make a demand of them from either of the parties. On this bond one Elisha Floyd was a surety.

Subsequently the sheriff indorsed upon the bond that it was cancelled by the delivery to him of the negroes. On the 4th of August following, the sheriff being, as it appears, in possession of the negroes, took from the defendant, McClenny, a bond to secure the forthcoming of one of them; and to obtain the possession of the others also, both of the defendants again entered into bond, with security, on the 3d of November thereafter.

Floyd claimed the negroes under a bill of sale from McClenny. McCowen also claimed as a purchaser from McClenny.

The cause was tried at the spring term, 1847, and there was a verdict and judgment for the plaintiff for the recovery of the negroes, and seven hundred and fifty dollars damages for their detention by the defendants. There was a motion for a new trial overruled, and the defendants appealed.

There is in the record a bill of exceptions, from which it appears that, at the trial, the defendants proposed to introduce Elisha Floyd, a material witness in their behalf, and the same who was a surety on the first mentioned bond given by the defendants to the sheriff. The plaintiff objected to the competency of the witness on the ground of his interest as surety, and the court sustained the objection.

BREWSTER for appellants.

The witness, Floyd, as a surety on the first bond of the appellants, was not bound for the hire of the negroes. [Code of Practice, Arts. 279-81.] Not being so, he had no possible interest in the result of the suit, and was therefore a competent witness. [3 Johns. Cas. 83; 1 Serg. & Rawles, 36.]

GILLESPIE for appellee.

The hire of slaves, when sequestered, belong to the real owner. [11 Lou. Rep. 167.]

Surety in a sequestration bond not a legal witness. [7 Mart. 373.] Nor the bail to a sheriff. [Cow. & Hill's Notes, part 109, note 59; 16 Johns. 89; 2 Dessaus. 145.]

Mr. Justice WHEELER, after stating the facts, delivered the opinion of the court, Mr. Justice LIPSCOMB not sitting.

The rejection of the witness, Floyd, is the principal ground embraced in the motion for a new trial, and presents the only question which seems to require our consideration. There is no complaint of any instruction given, or of any other ruling in the case.

The object for which this witness was introduced is not stated; nor, it has been ruled, were the defendants required to state it; but "we must intend that the witness was a material one." [5 Johns. R. 256.] The general rule is, that no one can be admitted as a witness, who, at the time when he is called to testify, has a direct and certain interest in the event of the suit; whether the interest arises from a benefit or liability dependent on its determination. [1 Bailey, 362.]

Where the verdict will necessarily charge one, or will discharge
him from a fixed liability, he is incompetent to testify. [8
Shep. R. 450.] And in Louisiana, it is held that a surety on
a bond given to release property from sequestration is not a
competent witness; and that the case cannot be distinguished
from that of bail. [7 Mart. N. S. 372–3.]

The competency of the witness, then, must depend upon the
question, whether, at the time when he was called to testify,
he was a surety, and in any event liable for the safe keeping
and delivery of the property.

The suretyship, which is alleged to affect his competency, is
upon a bond conditioned simply for the delivery of the negroes
on or before a day certain, or on demand. The sheriff returns
that the negroes were delivered accordingly, and the bond can-
celled. Was not this an effectual discharge of the surety from
his obligation?

The nature and extent of the undertaking of the surety are
to be ascertained from the plain and obvious import of his con-
tract; or from the consequences attached to the contract by the
provisions of positive law. The contract appears to have been
strictly fulfilled, according to its express terms and clear
import. The law in force at the time annexed to this bond no
other condition or obligation than that expressed upon its face;
or, at most, it rendered the surety responsible that his princi-
pal should not send away the property out of the jurisdiction
of the court; that he should not make an improper use of it;
and that he should faithfully present it when required. [La.
Code Pr. art. 280.]

But it is insisted that this surety is responsible for the hire of
the negroes during the time they were in the possession of the
defendant, by reason of his obligation. This position, it is con-
ceived, cannot be correct. To admit it would be to hold a surety
liable beyond the express terms and clear import of his under-
taking, and beyond the conditions and obligations annexed to it
by the law. The hire or use of the property is not one of the
enumerated subjects of his liability, and the enumeration must
be held to include all. The surety, having literally fulfilled his

undertaking, appears to have been wholly discharged and ex-onerated from liability in any event, and to have stood as indifferent between the parties as if he had never been a surety. This seems clear upon principle, and is supported by authority. In a comparatively recent case in South Carolina, it was held that where, in an action of *trover*, the defendants had given bond and security for the production of the negroes sued for, the negroes might be delivered up to the sheriff, and the bond cancelled, in order to discharge the security and make him a competent witness. [3 Hill (S. C.) Rep. 324.] The surrender and release were resisted in that case on various grounds, one of which was, that the bond was conditioned for the production of the property to satisfy the plaintiff's judgment, and therefore implied a delivery after verdict; but the court overruled the objection, and held that the property might be surrendered as well before as after verdict.

"It must be borne in mind," it was said by EARLE, J., "that the surety is not liable for the amount of the recovery in damages; he does not undertake that the defendant shall abide and perform the judgment of the court; nor that he shall answer to the action, and pay the condemnation money; but only for the production of the property specifically." In considering another objection the judge remarks: "This is said to be a contract between the surety and the sheriff, affording a certain security by bond, which is a personal contract to the plaintiff; and the argument is, that the court cannot change the security. The security is not changed, either by surrender before or at the time of trial; a new security is not substituted. The thing intended to be secured is substituted instead of the contract to secure. The contract is executed by delivery; and the plaintiff is placed precisely on the ground most for his benefit." The security, it was said, is not liable for hire. [Id. 329 n. Riley R. 177.]

In Chandler *vs.* Boyd [1 Pike, 152], sureties of the character of the present are likened, as in the Louisiana case before cited, to the case of bail. The bail, in this case as in others, it

was said, may discharge themselves by surrendering their principal.

In the case before us, the condition of the bond was complied with in substance and letter; and there can be no doubt, we think, that the surety was wholly discharged from liability under it; and that the objection to his competency was thereby removed before he was called to testify in the case.

The judgment must be reversed, and the cause remanded for a new trial, in order that the defendants may have the benefit of the testimony of the witness.