# REITLER *v.* HARRIS.

ERROR TO THE SUPREME COURT OF THE STATE OF KANSAS.

No. 99. Submitted December 13, 1911.—Decided February 19, 1912.

A state statute which makes special entries in public records *prima facie*, but not conclusive, evidence, of the validity of the proceedings referred to deals with rules of evidence and not with substantive rights.

One is not deprived of his property without due process of law by a statute making entries in public records *prima facie*, but not conclusive, evidence, of the validity of the proceedings referred to.

A contract of sale of state lands, on which periodic payments are to be made, with forfeiture in case of non-payment is not impaired by

a subsequent state statute making the official entries in public records *prima facie*, but not conclusive, evidence, of the validity of proceedings for forfeiture.

The statute of Kansas of 1907, c. 373, making entries of default and proceedings for forfeiture made in usual course of business in the records of sales of school lands *prima facie*, but not conclusive, evidence of the validity of forfeiture proceedings, is not unconstitutional either as depriving one who had previously purchased lands under the act of 1879, c. 161, § 2, of his property without due process of law, or as impairing the obligation of the contract under the act of 1879.

80 Kansas, 148, affirmed.

THE facts, which involve the constitutionality of certain provisions of the laws of the State of Kansas in regard to sale of school lands, are stated in the opinion.

*Mr. F. Dumont Smith* for plaintiff in error.

*Mr. Frederic deC. Faust,* with whom *Mr. A. C. Dyer* and *Mr. L. M. Day* were on the brief, for defendant in error.

MR. JUSTICE VAN DEVANTER delivered the opinion of the court.

This was an action in a District Court of the State of Kansas to recover the possession of a quarter section of land to which the parties were asserting adverse claims under the school-land laws of the State. The plaintiff's claim originated in a contract of purchase with the State, whereby he was required annually to pay interest on the unpaid purchase price at a stipulated rate. He failed for three years to comply with that requirement, and proceedings looking to a forfeiture of his rights under the contract resulted, in 1901, in a notation of forfeiture, as hereinafter explained. The defendant claimed under a like contract, made in 1902, upon the supposition that all rights under the prior contract had been extinguished.

In 1906, while the defendant was in possession and complying with his contract, the plaintiff made payment of the purchase price, and interest under his contract, and a patent was issued to him. The action was begun in 1907, when the defendant was still in possession and complying with his contract. The controversy turned upon the validity of the forfeiture proceedings. If they were valid the plaintiff was not entitled to recover; otherwise he was.

The statute (Laws Kansas, 1879, c. 161, § 2, p. 288) prescribing the mode of forfeiture in force since before the plaintiff's contract was made, reads as follows:

"If any purchaser of school land shall fail to pay the annual interest when the same becomes due, or the balance of the purchase money when the same becomes due, it shall be the duty of the county clerk of the county in which such land is situated, immediately to issue to the purchaser a notice in writing, notifying such purchaser of such default; and that if such purchaser fail to pay, or cause to be paid, the amount so due, together with the costs of issuing and serving such notice, within sixty, days from the service thereof, the said purchaser, and all persons claiming under him, will forfeit absolutely all right and interest in and to such land under said purchase. . . . The notice above provided for shall be served by the sheriff of the county by delivering a copy thereof to such purchaser, if found in the county, also to all persons in possession of such land; and if such purchaser cannot be found, and no person is in possession of said land, then by posting the same up in a conspicuous place in the office of the county clerk. . . . Said sheriff shall serve such notice, and make due return of the time and manner of such service, within fifteen days from the time of his receipt of the same. . . . If such purchaser shall fail to pay the sum so due, and all costs incident to the issue and service of said notice, within sixty days from the time of the service or posting of such notice as above

provided, such purchaser, and all persons claiming under him, shall forfeit absolutely all rights and interest in and to such land, under and by virtue of such purchase."

Upon the trial it appeared that, while the plaintiff was in default as before indicated, the county clerk of the county wherein the land was situate issued a notice to him in conformity with this statute; that the sheriff made a return thereon within the time prescribed, reading: "Received this notice this 13th day of July, 1901, and served the same by leaving a copy with C. C. Potter, who occupied the within premises, July 17, 1907;" that, although not so stated in his return, the sheriff duly posted the notice in the office of the county clerk; that when the notice was served the plaintiff, although not so stated in the sheriff's return, was not a resident of the State and was absent therefrom; that he failed to pay the sum due within sixty days from the time of the service and posting of the notice; and that upon the expiration of that period the county clerk entered upon the school-land record of the county the notation "Land forfeited," in such connection as to refer to the plaintiff's contract. Whether or not C. C. Potter, to whom a copy of the notice was delivered, was the only person in possession of the land at the time did not appear.

After the issuance of the patent to the plaintiff, and after the action was begun, but before it was brought to trial, the state legislature enacted a statute (Laws Kansas, 1907, c. 373, pp. 538, 539), containing these provisions:

"SECTION 1. Where entries which appear upon the records of school-land sales, or of school-land-sale certificates, in the office of the county clerk of any county in this state, and purporting or shown to have been made in the usual course of the business of that office, indicate that the interest of the purchaser in the tract of land, in connection with which such entries were made had been

forfeited for default in the payment of money due the state on such purchase, and such land was thereafter sold to a new purchaser, such entries shall be *prima facie* evidence, in any action or proceeding in any court in this state, that proper notice of the purchaser's default had been issued and legal service thereof made, and that all things necessary to be done as conditions precedent to the forfeiture of the right and interest of the purchaser, and all persons claiming under him, in and to such land, had been duly and properly done and performed, and that such forfeiture had been duly declared. Any entry upon said records of the county clerk as 'canceled,' 'forfeited,' 'reverted to state,' 'state,' and the like, with or without date, shall be held to be an entry indicating that the interest of the purchaser had been forfeited."

The District Court ruled that this statute was applicable to pending causes; that the notation "Land forfeited" upon the school-land record in the county clerk's office was *prima facie* evidence of the lawful service of the forfeiture notice and of the due declaration of the forfeiture, and that this *prima facie* evidence was not overcome by the other facts disclosed at the trial, and so gave judgment for the defendant. The judgment was affirmed by the Supreme Court of the State (80 Kansas, 148), and the plaintiff then brought the case here upon the contention, denied by that court, that the statute of 1907 impaired the obligation of his contract and therefore was violative of the contract clause of the Constitution of the United States.

In our opinion, the contention cannot be sustained. The plaintiff's rights arising out of his contract were in no wise impaired by the statute of 1907. It did not interpose any obstacle to their assertion by him, and neither did it leave him without a suitable remedy for their ascertainment and enforcement. If the attempted forfeiture was invalid before, it continued to be so thereafter. The

statute dealt only with a rule of evidence, not with any substantive right. By making the entry of forfeiture upon the official record *prima facie,* but not conclusive, evidence that all preliminary steps essential to a valid forfeiture were properly taken and that the forfeiture was duly declared, it but established a rebuttable presumption, which he was at liberty to overcome by other evidence. That such a statute does not offend against either the contract clause or the due process of law clause of the Constitution, even where the change is made applicable to pending causes, is now well settled. *Pillow* v. *Roberts,* 13 How. 472, 476; *Marx* v. *Hanthorn,* 148 U. S. 172, 181; *Turpin* v. *Lemon,* 187 U. S. 51, 59; *Lindsley* v. *Natural Carbonic Gas Co.,* 220 U. S. 61, 81; *Curtis* v. *Whitney,* 13 Wall. 68; Cooley's Const. Lim., 7th ed. 409, 524–526.

It was because the plaintiff failed to assume and carry the burden of overcoming the rebuttable presumption established by the statute that he failed in his action.

*Judgment affirmed.*