[No. 2192.   Oct. 7, 1918.]
HARRIS v. FRIEND et al.

SYLLABUS BY THE COURT.

1.   There can be no vested right to a mere rule of evidence. The purchaser of a tax certificate of land sold for taxes, while a statute was in force providing that a tax deed should be prima facie evidence of the regularity of prior proceedings, has no vested right under such statute, and it is competent for the legislature to repeal such a statute.     P. 630

2.   The repealing and saving clause to the Codification of 1915, p. 1665, provides: "All acts and parts of acts of a general and permanent nature, not contained in this codification, are hereby repealed, * * * and the acts hereby repealed shall remain in force * * * for the preservation of all rights and their remedies existing by virtue of them; and shall also remain in force so far as they apply to any office, trust, judicial proceeding, right, contract, limitation or event already affected by them."   Section 4101, Comp. Laws 1897, which made a tax deed prima facie evidence of the regularity of prior proceedings, was omitted from the Code.  *Held*, however, that the section was continued in force, by the above provision, in so far as a tax deed, issued upon a tax certificate purchased prior to the adoption of the codification, is concerned.
                                                                        P. 635

3.   Under section 25, c. 22, Laws 1899, the duty was cast upon the owner of property of reporting his real estate for the purpose of taxation, and to see that such property was properly listed for taxation on the assessment rolls.  Where an owner of certain town lots listed two lots for taxation, along with other lots in the same block, and later struck out said two lots from the return, but did not change the valuation upon the first return, and said lots were afterwards assessed in the name of the unknown owners, under which they became delinquent and they were sold for taxes, the payment by the former owner of his taxes upon the return so made did not constitute a payment of taxes upon the property omitted, or stricken by the owner from, such return.     P. 637

Appeal from District Court, Chaves County; Richardson, Judge.

Suit to quiet title by Ella Harris against W. E. Friend and Margaret Friend. Judgment for plaintiff, and defendants appeal. Reversed and remanded, with instructions.

R. W. BOWERS, of Roswell, for appellants. R. C. REID, of Santa Fe, and GIBBANY & EPSTEIN, of Roswell, for appellee.

OPINION OF THE COURT.

ROBERTS, J. Appellee instituted suit in the district court of Chaves county to quiet her title to lots 5 and 6 of block 21, South Roswell, said county. In her complaint she alleged that she was the owner in fee of the property, and that appellants were asserting an interest therein which was unfounded. Appellants answered denying the allegations of the complaint, and by cross-complaint alleged that they were the owners in fee of the property, and asked that their title be quieted as against appellee. Appellee, by reply, denied any title in appellants. Appellee claimed title to the property in question by virtue of a warranty deed from C. W. Haynes, and it was stipulated that said Haynes was the record owner of the real estate prior to the time he conveyed it to appellee. Upon the trial, after the stipulation, appellee put in evidence a warranty deed from said Haynes to her and rested. Thereupon appellants tendered in evidence a tax deed issued to appellants on February 26, 1916, by the county treasurer of Chaves county, based upon a sale made for delinquent taxes on February 19, 1913. Appellee objected to the introduction of the tax deed in evidence upon the ground that section 4101, C. L. 1897, had been repealed by the adoption of the Code of 1915, and that the tax deed did not afford prima facie proof of the regularity of all prior proceedings; and that it was incumbent upon appellants to prove the regularity of the proceedings upon which the tax deed was based before the same could be properly put in evidence. The court withheld ruling upon the objection, whereupon the appellants rested.

Appellee moved for judgment, the ruling upon which was like-wise withheld. Thereupon appellee proceeded to put in proof which she contended showed that the tax upon the real estate had been paid. The court, at the conclusion of the rebuttal evidence, went back to the objection to the admission in evidence of the tax deed and sustained the same, and likewise sustained appellee's motion for judgment. It also made findings of fact finding that the tax upon the property had been paid. From the judgment entered this appeal is prosecuted.

Appellants have assigned six grounds of error, in which but two questions are raised, the first being that the court erred in holding that the tax deed was not prima facie evidence of the following facts:

"First, that the real estate conveyed was subject to taxation for the year or years stated in the deed; second, that the taxes were not paid at any time before the sale; third, that the real estate conveyed had not been redeemed from the sale at the date of the deed; fourth, that the property had been listed and assessed at the time and in the manner required by law; fifth, that the taxes were levied according to law; sixth, that the property was advertised for sale in the manner and for the time required by law; seventh, that the property was sold for taxes as stated in the deed; eighth, that the grantee named in the deed was the purchaser or the heir at law or the assignee of the purchaser; ninth, that the sale was conducted in the manner required by law."

The second that there was no evidence to sustain the finding that the tax had been paid.

The case turns upon the question as to whether or not section 4101, C. L. 1897, applies to the tax deed in question. It is conceded by appellant that the section in question was omitted from the Code of 1915, but they contend, first, that because this statute was in force at the time appellants purchased the tax sale certificate, that it entered into and became a part of the contract between the purchaser and the state, and that its subsequent repeal impaired a vested right which the purchaser had by virtue of his contract, and the repeal of the statute would not affect such right. Secondly, they contend that the repealing and saving clause of the codi-

fication expressly continues all repealed statutes in force "for the preservation of all rights and their remedies existing by virtue of them; and shall also remain in force so far as they apply to any office, trust, judicial proceeding, right, contract, limitation or event already affected by them;" and that the repealed statute was continued in forcce by this saving clause in so far as it applied to the tax deed in question. These questions will be considered in the order stated.

[1] There is authority to the effect that statutes similar to the one in question enter into and are a substantial part of the contract of purchase, and that to permit the state to repeal it would be to impair its obligation to the purchaser. The case of Blakemore v. Cooper, 15 N. D. 5, 106 N. W. 566, 4 L. R. A. (N. S.) 1074, 125 Am. St. Rep. 574, so holds, and presents all that can be said in favor of this contention. Other cases following this rule are Fisher v. Betts, 12 N. D. 197, 96 N. W. 132; Smith v. Cleveland, 17 Wis. 566. The latter case had to do with a statute which made the tax deed conclusive evidence of the regularity of all prior proceedings, except the liability of the land to taxation, the nonpayment of taxes, and the nonredemption of the land after sale. In the case of Marx v. Hanthorn (C. C.) 30 Fed. 579, the court held that a tax deed executed under a statute which made it conclusive evidence of the regularity of all prior proceedings, with stated exceptions, could not, by a subsequent statute, be reduced to mere prima facie evidence of such fact, but the court in that case distinguished between a statute making such a deed conclusive evidence and a statute which made it merely prima facie evidence; that where the deed is only prima facie evidence, the purchaser takes it subject to the right of any party adversely interested to overcome this presumption by proof to the contrary; that, the matter being thus left open to investigation, it was competent for the Legislature to shift the burden of proof back onto the purchaser. The court held the tax deed void on the ground that the name of

the owner was wrongly given on the delinquent tax roll
and in the notice of publication and that the sale was
thereby invalidated. The case came before the Supreme
Court of the United States (148 U. S. 172, 13 Sup.
Ct. 508, 37 L. Ed. 410). That court said:

"Courts of high authority have held that mere rules of evi-
dence do not form a part of contracts entered into while they
are in force, and that it is competent for the legislature to,
from time to time, change the rules of evidence, and to make
such change applicable to existing causes of action. Rich v.
Flanders, 39 N. H. 304; Howard v. Moot, 64 N. Y. 262; Ken-
dall v. Kingston, 5 Mass. 524; Com. v. Williams, 6 Gray
[Mass.] 1; Goshen v. Richmond, 4 Allen [Mass.] 458."

The court then quotes with approval from Cooley,
Const. Lim. (Ed. 1878) 457, the text of which appears
later in this opinion. Thus, while the court found it un-
necessary to determine the correctness of the rule laid
down by the lower court, it intimated very strongly
that its views were to the contrary.

In the case of Hickox v. Tillman et al., 38 Barb. (N.
Y.) 608, which was similar to the one at bar, the court
held that there could be no vested right in a mere rule
of evidence; that the grantee in a deed from the compt-
roller of land sold for taxes, while a stated act was in
force which made the tax deed presumptive evidence of
the regularity of all prior proceedings, had no vested
right to the benefit of the presumptions, and that it
was competent for the Legislature to repeal the act,
and thus provide that deeds executed by the comptroller
while the latter act was in force should not thereafter
be presumptive evidence of the regularity of the pro-
ceedings. The court said, after announcing the rule:

"And it may be conceded that it is unjust to repeal such a
law, thereby in many cases to render totally worthless the
title which the state professed to pass by the deed. But the
question is one of power, not of policy."

In the case of Howard v. Moot, 64 N. Y. 262, the court
held that rules of evidence are at all times subject to
modification and control by the Legislature, and changes

thus may be made applicable to existing causes of action.

In the case of Strode v. Washer, 17 Or. 50, 16 Pac. 926, the court held that a law providing that a tax deed should be conclusive evidence of the regularity of the levy, assessment, collection of taxes, and sale of property might be amended so as to destroy the conclusive effect of the tax deed as to these points, and that this amendment would not impair the obligation of a contract, but that it would be simply a change in the rules of evidence.

In Cooley, Const. Lim. (7th Ed.) 406, the author said:

"It has accordingly been held that laws changing remedies for the enforcement of legal contracts, or abolishing one remedy where two or more existed, may be perfectly valid, even though the new or the remaining remedy be less convenient than that which was abolished, or less prompt and speedy."

On page 409 he says:

"And laws which change the rules of evidence relate to the remedy only."

And further, on page 524:

"It must also be evident that a right to have one's controversies determined by existing rules of evidence is not a vested right. These rules pertain to the remedies which the state provides for its citizens; and generally, in legal contemplation, they neither enter into and constitute a part of any contract, nor can be regarded as being of the essence of any right which a party may seek to enforce. Like other rules affecting the remedy, they must therefore at all times be subject to modification and control by the legislature; and the changes which are enacted may lawfully be made applicable to existing causes of action, even in those states in which retrospective laws are forbidden. For the law as changed would only prescribe rules for presenting the evidence in legal controversies in the future; and it could not, therefore, be called retrospective, even though some of the controversies upon which it may act were in progress before."

Under these rules, if the statute in question merely prescribed a rule of evidence, undoubtedly it was competent for the Legislature to change the rule without impairing any vested right, and this although the change

in· the rule made it more burdensome upon the party than it was theretofore. The statute in question made the tax deed prima facie evidence of certain facts. Under this the burden was shifted from the holder of the tax deed to the owner of the land. The holder of the deed could put his tax deed in evidence, and, to overcome the prima facie case made thereby, the burden rested upon the owner of the land. The repeal of the statute simply shifted the burden. After its repeal the tax deed did not prove the regularity of the prior proceedings, but this was required to be established by evidence de hors the deed that the recitals in the deed were true. Land Co. v. Board of Education, 101 N. C. 39, 7 S. E. 573; Fox v. Stafford, 90 N. C. 298. Without proof of these facts the deed was not admissible in evidence. Black on Tax Titles, § 444.

The case of Reitler v. Harris, 223 U. S. 437, 32 Sup. Ct. 248, 56 L. Ed. 497, while not involving a tax deed, is directly in point, and is contrary to appellant's contention. The plaintiff's claim originated in a contract to purchase with the state of Kansas of certain school lands. Under the law in force at the time of the purchase, he was required to pay annually interest on the unpaid purchase price. The law provided a certain procedure for the forfeiture of the land upon nonpayment of interest and an entry following the procedure upon the records in the office of the county clerk showing forfeiture of the land. The plaintiff failed to pay the interest, and the land was forfeited to the state, and the entry made in the clerk's office. Thereafter the land was sold to the defendant in the case. Afterwards the plaintiff paid the defaulted interest and the principal and secured a deed from the state. The defendant being in possession of the land, plaintiff instituted suit to secure possession and to quiet title. After the issuance of the patent to the plaintiff, and after the action was begun, but before it was brought to trial, the state Legislature enacted a statute which made the entry of the word "Forfeited" on the records in the office

of the clerk of the district court, or other words of similar import, prima facie evidence that the proper notice of the purchaser's default had been issued and legal service thereof made, and that all things necessary to be done as conditions precedent to the forfeiture of the right and interest of the purchaser, etc., had been duly and properly done and performed. The plaintiff in the case relied upon the failure of the state to forfeit his interest in the land in the mode prescribed in the statute. He offered no proof of the claim of noncompliance, but insisted that the burden was upon the defendant to show compliance with the statutory steps essential to enable the state to declare a forfeiture. The court held that the statute making the entry in the clerk's office prima facie evidence of compliance applied to the case, and that the burden was thereby cast upon the plaintiff. In the Supreme Court of the United States the plaintiff contended that the statute in question impaired the obligation of his contract, and was therefor violative of the contract clause of the Constitution of the United States. The court said:

"In our opinion the contention cannot be sustained. The plaintiff's rights arising out of his contract were in no wise impaired by the statute of 1907. It did not interpose any obstacle to their ascertion by him, and neither did it leave him without a suitable remedy for their ascertainment and enforcement. If the attempted forfeiture was invalid before, it continued to be so thereafter. The statute dealt only with a rule of evidence, not with any substantive right. By making the entry of forfeiture upon the official record prima facie, but not conclusive, evidence that all preliminary steps essential to a valid forfeiture were properly taken, and that the forfeiture was duly declared, it but established a rebuttable presumption, which he was at liberty to overcome by other evidence. That such a statute does not offend against either the contract clause or the due process of law clause of the Constitution, even where the change is made applicable to pending causes, is now well settled. Pillow v. Roberts, 13 How. 472, 476 [14 L. Ed. 228, 230]; Marx v. Hanthorn, 148 U. S. 172, 181 [37 L. Ed. 410, 413; 13 Sup. Ct. Rep. 508]; Turpin v. Lemon, 187 U. S. 51, 59 [47 L Ed. 70, 74, 23 Sup. Ct. Rep. 20]; Lindsley v. Natural Carbonic Gas Co., 220 U. S. 61, 81 [55 L. Ed. 369, 378, 31 Sup. Ct. Rep. 337, Ann. Cas. 1912C, 160]; Curtis v. Whitney, 13 Wall. 68 [20 L. Ed. 513]; Cooley, Const. Lim. (7th Ed.) 409, 524-526."

It would seem on principle that if the Legislature could, without impairing the obligation of a contract, make the prescribed entry in the office of the county clerk prima facie evidence of the regularity of all prior proceedings, the contract having been entered into prior to the passage of the statute, that it could likewise repeal a statute making a tax deed prima facie evidence of the regularity of the prior proceedings without impairing the obligation of a contract between the state and the purchaser. Hence we hold that the repeal of the statute in question, prescribing, as it did, a rule of evidence, did not impair the contract between the state and the purchaser; that the statute had to do with the remedy and not the right.

It may be that under the provisions of section 25, c. 22, Laws 1899, that it would only be incumbent upon the holder of the tax deed to show, prior to the introduction of the deed in evidence, that the property was subject to tax, and that the tax had not been paid; but as appellants made no offer to show these facts, and have not raised the question in this court, it is not here for consideration. Another question likewise not raised here for review is whether the court having reserved its ruling upon the objection to the admission of the tax deed in evidence, and the appellee having proceeded with the introduction of its proof in rebuttal, appellees did not waive their objection and by their proof supply the evidence necessary to support the admissibility of the deed.

[2] The second point stated presents a more difficult question. Section 4101, C. L. 1897, making the tax deed prima facie evidence of the regularity of the prior proceedings, was omitted from the Code of 1915. The repealing and saving clause of the Code, p. 1665, provides:

"All acts and parts of acts of a general and permanent nature not contained in this codification are hereby repealed, * * * and the acts hereby repealed shall remain in force * * * for the preservation of all rights and their remedies existing by virtue of them; and shall also remain in force so

far as they apply to any office, trust, judicial proceeding, right, contract, limitation or event already affected by them."

In the construction of this saving clause we have found no adjudicated case of any material assistance. This language is much broader and more comprehensive than in most of the saving clauses to revisions and codifications of statutes. It was apparently copied after the saving clause found in the revision of the statutes of Maine for the year 1903, but apparently has received no judicial construction in the courts of that state. The usual provision is for the preservation of all rights and their remedies existing by virtue of statutes omitted. Our Legislature in the adoption of the Code went further, and we believe it was the intention of the Legislature to save all existing statutes from repeal, or rather to continue them in force, in so far as the repeal of such statutes might affect a right or remedy, or an act, contract, or event initiated while such statute was in force, which act, contract, or event was done and performed or entered into by a party in reliance upon the provisions of such statute. The Legislature in adopting the Code was, of course, unable to definitely ascertain what provisions of the prior statutes had been carried forward into the Code. There had been no revision of the statutes since 1865, and the statute law was then contained in the various acts of the Legislature, and but two compilations of the same had been made, one in 1884 and the other in 1897. Being desirous of having all the statute law codified, but fearing that some statutes or acts might have been omitted which would injuriously affect the rights or remedies of parties who had initiated rights under such statutes, and had already done or performed certain acts in view of such statutes, the Legislature endeavored by the use of the saving clause to continue all statutes in force so as to afford protection to such parties against repeal. Hence the use of the language in question.

Under the statute in force at the time of the purchase of the tax certificate in question, the purchaser was en-

Harris v. Friend, 24 N. M. 627.

titled, at the expiration of three years from his pur-. chase, to a tax deed, the property not being redeemed, which was made prima facie evidence of the regularity of the prior proceedings and of the fact that the tax on the property had not been paid. This, it is true, as we have stated, was but a rule of evidence, but it was of material advantage to the tax purchaser, and without the statute the purchase might not have been made. The statute being in force at the time of the purchase, while not a right and relating only to the remedy, did apply to the purchase. In other words, it was a remedy or a rule of evidence applying to the right which he had initiated, and the Legislature, in adopting the saving clause, said that the statute should remain in force so far as it applied to a contract or event already affected by it.

In the case of Holland v. Dickerson, 41 Iowa, 367, the court, in construing the meaning of the word "affect," said:

"To affect does not mean to impair, but to work a change upon. A right is affected, if it is either enlarged or abridged."

We hold that all statutes omitted from the codification of 1915 were continued in force for the preservation of all remedies and rules of evidence existing by virtue of such statutes, in so far as they apply to a contract made, or a right initiated, or an event which had happened prior to the adoption of the codification. Hence, where a tax certificate is purchased under a statute in force prior to the adoption of the Code, and the statute provided for the issuance of a deed at the expiration of three years, and made such a deed prima facie evidence of the regularity of the prior proceedings, such statute is continued in force as to such tax purchase initiated prior to its repeal. Hence it follows that the court erred in excluding the tax deed in question when offered in evidence.

[3] This, then, brings us to a consideration of the question as to whether or not the court erroneously held

that the evidence showed that the tax upon the property had been paid. If the court rightly found that the tax had been paid, the prior question would be of no importance. A consideration of this question requires a review of the evidence. Appellee produced Ben C. Davisson as a witness, who testified in substance as follows: That he was treasurer of Chaves county, and was in possession of the tax roll for the year 1911, the year in question; that on page 58, line 9, of said tax roll, there was assessed to C. W. Haynes, appellee's grantor, lots 1, 2, 3, 4, 9, 10, 11, 12, 13, 14, 16, and 18; that between the lots Nos. 4 and 9 nothing appeared on said book, and that the valuation of the lots 1, 2, 3, 4, and 9 was $225, as shown by the assessment roll; that the taxes on the rendition of the valuation of $225 had been paid.

·W. M. Atkinson, formerly chairman of the board of county commissioners, testified that he was such chairman in the year 1911; that the valuations fixed for 1911 on lots in block 21, South Roswell, were $45 for corner and $30 for inside lots, one of the lots upon the assessment against Mr. Haynes being a corner lot and the remainder inside lots. The plaintiff then produced Guy H. Herbert, who testified that he was county assessor of Chaves county in the year 1911; that Mr. Haynes prepared his own rendition or tax schedule, and that when it was originally prepared and filed in his office it called for lots 1, 2, 3, 4, 7, 8, and 9 of block 21; that shortly after filing the tax schedule Mr. Haynes came to his office, and told the assessor that he had sold lots 7 and 8, and asked him to strike these lots out of the rendition, and insert in lieu thereof lots 5 and 6. The assessor did so. Later on Mr. Haynes called again at the office, and said he had sold lots 5 and 6, and asked the assessor to strike these lots off the rendition, which he did. There was no change made in the valuation. It was originally $225 and so remained after the lots had been stricken out. Lots 5 and 6 were afterwards assess-

·ed to unknown owners.  The tax schedule in so far as material, appears as follows:

| | Addition. | Lots. | Block. |
|---|---|---|---|
| | S. Roswell | 1-2-3-4-7-8-9 <br> 21            $225 | 5-6 |
| | | | |

Section 25, c. 22, Laws 1899, was in force at the time the rendition in question was made.  This section, in so far as material, reads as follows:

"It is hereby made the duty of every person, firm, or corporation, owning or having any interest, legal or equitable, in any real estate or other property, in this territory, on the first day of March of any year, to see that such property is properly listed for taxation on the assessment roll for such year in the county in which the same is situated; and if such property is described in the assessment roll and delinquent tax list for any year by such description as will serve to identify the same, the sale of such property for taxes as provided in this act shall not be void or set aside on account of any error or irregularity in listing the same upon such roll or list either as to the name or names of the owner or owners thereof, or by any reason of its being listed in the name of the wrong person."

As said in the case of Knight v. Fairless, 23 N. M. 479, 169 Pac. 312:

"From the above statute it will be observed that the legislature has cast the duty upon the owner of reporting his real estate for the purpose of taxation and 'to see that such property is properly listed for taxation on the assessment roll for such year,'" etc.

This being true, it was the duty of the owner of the property to see that it was properly returned for taxation. That the lots in question were stricken from the return by the owner of the property, or under his direction, is established by the evidence conclusively.  This being true, it was not returned for taxation.  It cannot be argued with any plausibility that, because the valua-

tion placed upon seven lots was not changed when the lots in question were stricken from the return, these lots were included in the return, hence that the tax upon them had been paid. The fact that the value of lots in this addition was fixed by the board of county commissioners at stated sums, which would be the correct valuation for the seven lots, is of no effect. The five lots left upon the return may have been overassessed— that is to say, may have been valued at too great an amount—but that would not be any evidence of an intention on the part of the taxpayer to include other lots in the return. This being true, there is no evidence to show that the tax upon the lot in question had been paid.

For the foregoing reasons the cause will be reversed and remanded to the district court of Chaves county, with instructions to proceed in accordance with the views herein expressed; and it is so ordered.

HANNA, C. J., and PARKER, J., concur..