## AMERICAN INDEMNITY CO. v. McCANN.

### No. 8390.

Court of Civil Appeals of Texas. San Antonio. March 19, 1930.

Rehearing Denied April 23, 1930.

E. B. Ward and Jas. M. Taylor, both of Corpus Christi, for defendant in error.

COBBS, J.

Plaintiff in error was surety on the replevy bond executed by defendants H. R. Smeltzer and John Miller in the court below.

Defendant in error was plaintiff in the court below; and on June 4, 1921, filed petition against defendants below, alleging that said defendants had made and executed a conspiracy to take possession of his business and business premises, and had taken possession of certain personal property used in the fishing business by defendant in error, and had conspired to and did injure the plaintiff's business reputation, the petition praying for possession of the personal property alleged to have been converted, or its value with interest and profits, and for the other damages sustained. Plaintiff filed affidavit and bond and obtained writ of sequestration, by virtue of which the boats, fishing tackle, and equipment allegedly converted were sequestered. Defendants below filed replevy bond executed by defendants below as principals and plaintiff in error as surety, in the sum of $2,100.

Defendants below filed answer consisting of general demurrer and general denial, on July 26, 1921.

The case lay dormant on the docket from the time it was filed until June 11, 1929, save for continuances by operation of law, several continuances by "agreement," and some continuances by "consent." On June 11, 1929, defendant in error filed his first supplemental petition praying for relief against plaintiff in error under the replevy bond. The case was tried before a jury upon special issues on June 11, 1929, the defendants not being present, the jury finding that the value of the personal property at the time of its conversion was the sum of $1,153, and that the value of the fruits, hire, and revenue of said personal property, after its conversion, was the sum of $10,000. The court rendered judgment against defendants below in the sum of $11,153; and it rendered judgment against said defendants as principal and plaintiff in error, as surety, upon the replevy bond, for the sum of $2,100, consisting of the value of the property at the time of the conversion, and fruits, hire, and revenue.

Defendant below John Miller filed motion for new trial on July 26, 1929, alleging that he had employed counsel, but had no notice of the setting for trial and was not negligent in failing to appear, showing the defense that he had to said cause of action. Defendant in error filed exceptions to this motion; and the motion was by the court overruled.

Terry, Cavin & Mills and Joyce Cox, all of Galveston, for plaintiff in error.

**356**

On October 16, 1929, American Indemnity Company filed in the court below its petition for writ of error; and citation in error was duly served on defendant in error on October 18, 1929.

Plaintiff in error filed supersedeas bond in the court below on October 16, 1929.

Plaintiff in error's assignments of error were filed December 9, 1929, in the court below, complaining of various errors committed by the trial court to the prejudice of the rights of American Indemnity Company as surety upon said replevy bond.

Where a case has lain dormant so long, and its prosecution neglected for years, it finds little favor in courts, especially in courts such as this, which believe in speeding cases to their ultimate disposition.

It was and is apparent that plaintiff in error had an early remedy, to bring into court the property replevied with the fruits, hire, and revenues, and thus have discharged its obligations. And this prompt remedy is contemplated. The law loves the diligent, not the "sleepy head." Wandelohr v. Grayson County, 102 Tex. 20, 108 S. W. 1154, 1155, 112 S. W. 1046; Harding v. Jesse Dennett, Inc. (Tex. Civ. App.) 17 S.W. (2d) 862; Siddall v. Goggan, 68 Tex. 708, 5 S. W. 668.

It is not contended by either Miller or the surety company that Smeltzer, their co-obligor, has any legal or equitable defense to plaintiff's cause of action, and they cannot be heard to complain. No injustice was done either one of them on the trial.

While the judgment against defendant was for $11,003, plaintiff in error is only required to respond in the sum of $2,100. The general rule and the safe rule of law is that courts of appeal will not reverse a judgment of the trial court unless the error complained of was reasonably calculated to cause the rendition of a different judgment than that rendered on the trial appealed from.

The record discloses that defendant Smeltzer did convert the property mentioned in plaintiff's petition, and deprived plaintiff of the fruits, hire, and revenue thereof.

The evidence disclosed that the boats in 1921 were worth "eight or nine hundred, or a thousand dollars, each one of them." There were five of these boats, and the revenues from them were at least $600 per month. It was shown that the boat would get three shares and a half and the fisherman would get the remainder of twelve shares from the catch of $2,000 worth of fish; and this alone would have resulted in revenues of $57,000 between the date of replevy and the date of trial.

The judgment appealed from is for the amount of the bond alone.

As defendants interposed no timely objections to the issues submitted or the evidence offered, every intendment is indulged in to support the verdict of the jury, and the judgment of the court rendered thereupon.

As neither Miller nor Smeltzer have appealed, the court will not review assignments of error as to them; they not being parties to this writ of error. Luker v. Anderson (Tex. Civ. App.) 10 S.W.(2d) 149.

Plaintiff in error did not appear at the trial, and Miller's motion for new trial nowhere complains that the court submitted incorrect issues to the jury, or that the evidence did not support the judgment; but he stood on an attempt to show diligence and that he deems himself to have a meritorious defense to plaintiff's cause of action. Smeltzer has never complained of the judgment against him.

The contention that the court submitted the case upon an erroneous measure of damages and that the evidence is not sufficient to support the verdict is not borne out by the record, and nothing in the motion for a new trial supports such a proposition. It is laid down in Phillips Petroleum Co. v. Booles (Tex. Com. App.) 276 S. W. 667. When a cause of action is tried to a jury all questions relating to the sufficiency of the evidence to support the verdict must be raised in the motion for new trial. Missouri, K. & T. R. Co. of Texas v. Patterson (Tex. Com. App.) 228 S. W. 119; article 2185, R. S. 1925; 3 Tex. Jurisprudence, 126.

The acts of 1923 required the value of the replevied property to be proven, and there was no harmful error on the part of the court in submitting the issue as to the value of such property at the time of the execution of the bond. No law can be validly passed impairing the rights of plaintiff in error under its contract. The statute of 1923, article 6852, R. S., did not take away the substantive right of plaintiff in error or of the defendants below to surrender the property either before or after judgment. It is settled that statutes which change rules of evidence may be made applicable to prior contracts without impairing their obligation. Reitler v. Harris, 223 U. S. 437, 32 S. Ct. 248, 56 L. Ed. 497; Sovereign Camp. W. O. W., v. Robinson (Tex. Civ. App.) 187 S. W. 215.

Plaintiff in error has made no attempt to relieve itself from liability, either by delivery of the property into the hands of the sheriff before or after the verdict, and has not complied with the statutory prerequisites in attempting to perfect its writ of error. McClenny v. Floyd, 3 Tex. 114.

In looking over the record, a review of the facts seems to indicate that a new trial, if

ordered, would result in a verdict against defendants for a sum in excess of the amount adjudged against plaintiff in error, $2,100.

We think the case has been fairly tried, and we find no error assigned that should cause a reversal. We do not feel disposed under the facts of this case to award, as requested, 10 per cent. damages for a frivolous appeal.

The judgment of the trial court is affirmed.