[L. A. No. 144.   Department Two.—September 16, 1896.]

JANE MASON McCULLY, ADMINISTRATRIX, ETC., APPELLANT, v. GEORGE H. COOPER, RESPONDENT.

ESTATES OF DECEASED PERSONS—POSSESSION OF ASSETS—ANCILLARY ADMINISTRATION.—The administratrix of the estate of a deceased pe on, who is appointed in this state in ancillary proceedings, is entitle re- cover from the domiciliary administrator, who is temporaril is jurisdiction, the possession of a certificate of deposit in an national bank situated in this state, which the receiver there fused to allow as a valid claim against the bank.

APPEAL from a judgment of the Superior Cou San Diego County and from an order refusing a trial.   W. L. PIERCE, Judge.

The facts are stated in the opinion.

*Trippet & Neale*, for Appellant.

*J. W. Hughes*, for Respondent.

SEARLS, C.—This is an action to recover possession from George H. Cooper, the defendant, of a certificate of deposit, issued by the Consolidated National Bank of San Diego, located in San, Diego, California, for eight thousand dollars, dated April 2, 1892, payable to the order of James L. Mason, and upon which certificate there is indorsed a credit of two thousand two hundred dollars.

Defendant had judgment, from which judgment and from an order denying her motion for a new trial plaintiff appeals.

James L. Mason, the holder and owner of the certificate of deposit, was a resident of the county of Hancock, in the state of Indiana, at which place he died

on the second day of January, 1894, leaving a large amount of property, real and personal, situate and being in said county and state.

On the twentieth day of January, 1894, George H. Cooper was, by an order of the circuit court in and for said county of Hancock, state of Indiana, duly appointed administrator of the estate of said James L. Mason, deceased, duly qualified as such administrator, and letters of administration were duly issued to him, and he is still such administrator.

At the time of his death the said James L. Mason was the owner of and in possession of said certificate of deposit, in said county and state, and the same came into the possession of said Cooper, as his administrator, on the twentieth day of January, 1894.

In June, 1893, the Consolidated National Bank of San Diego became insolvent, closed its doors and refused to pay its depositors, and thereafter, in said year 1893, Andrew J. O'Connor was duly appointed and qualified as receiver of said bank, and is still acting as such receiver.

On the twenty-fourth day of January, 1894, defendant Cooper, as such administrator, sent by mail the said certificate of deposit to said Andrew J. O'Connor, receiver, at San Diego, California, for the purpose of proving up his claim as said administrator of said Cooper, deceased, against said insolvent bank, and thereupon the receiver of the bank declined either to permit Cooper to prove up the claim or to return the certificate of deposit to him upon demand.

On the ninth day of March, 1895, the said receiver, upon a second demand, returned the certificate of deposit to Cooper, as administrator, at the county of San Diego, California, where it was retained when this action was brought, and for twenty days thereafter, and then was returned to the state of Indiana, where it has since been held by said Cooper, as administrator of said Mason, deceased.

Under the laws of the state of Indiana administrators

appointed therein may, by order of the circuit court of said state, sell and dispose of all certificates of deposit in the state of Indiana, lawfully in their possession as such administrators.

The *status* of Jane Mason McCully, the plaintiff herein, may be thus stated: On the twentieth day of March, 1894, said plaintiff was duly appointed, by order of the superior court in and for the county of San Diego, state of California, the administratrix of the estate of said James L. Mason, and thereupon duly qualified as such administratrix, and letters of administration were duly issued to her, and she ever since has been and still is the administratrix of the estate of said Mason.

The estate of said James L. Mason had not, so far as appears in this action, any property or assets in the county of San Diego, or state of California, save and except the demand hereinbefore mentioned against the Consolidated National Bank of San Diego, evidenced by the certificate of deposit hereinbefore mentioned.

Before this action was brought plaintiff demanded possession of said certificate of deposit from defendant Cooper, but defendant refused and still does refuse to deliver the same to her.

Plaintiff sought judgment for possession of the certificate, if such possession could be had, and, if not, for five thousand eight hundred dollars, the value thereof, and for damages and costs.

The question involved is this: Can the California administratrix recover from the domiciliary administrator, appointed in the state of Indiana, who is temporarily in this jurisdiction, with the evidence of a simple contract debt, which contract debt is due and owing here, the certificate of deposit which is the evidence of such debt?

There are a number of propositions bearing more or less upon the question, which are either universally conceded, or established by such a preponderance of authority as not to call for comment. Among these are:

1. Save as otherwise provided by statute the proper jurisdiction in which to obain letters testamentary or of

administration is in the state and place of the decedent's domicile at the time of his death. (Williams on Executors, 6th Am. ed., 495 *et seq; Wilkins* v. *Ellett,* 108 U. S. 256; *Crosby* v. *Leavitt,* 4 Allen, 410.)

2. The authority of an executor or administrator does not extend beyond the jurisdiction of the state or government under which he is invested with his authority. (Civ. Code, sec. 1913; Story on Conflict of Laws, sec. 512, and cases there cited.)

3. Where there are no debts owing by the estate in the jurisdiction where the foreign debtor resides, and no ancillary administration has been granted there, the principal administrator may, in such foreign state, receive a voluntary payment from the debtor, which will be a good acquittance to him, even if an ancillary administrator should be subsequently appointed. (*Klein* v. *French,* 57 Miss. 662; *Wilkins* v. *Ellett, supra; Schluter* v. *Bowery Sav. Bank,* 117 N. Y. 125; 15 Am. St. Rep. 494; *Reynolds* v. *McMullen,* 55 Mich. 568; 54 Am. Rep. 386; Gray's Appeals, 116 Pa. St. 256.)

4. So an administrator who has, within the jurisdiction of his appointment, obtained a judgment against a debtor of a foreign state, or has reduced the personal property of the estate to possession, so as to acquire the legal title thereto, and it is wrongfully taken from him and carried to a foreign state, he may in such foreign state maintain an action, *not officially,* but in his individual capacity, upon such judgment, or to recover such personal property so wrongfully taken from him. (*Talmage* v. *Chapel,* 16 Mass. 71; *Biddle* v. *Wilkins,* 1 Pet. 686; *Greasons* v. *Davis,* 9 Iowa, 219; *Lewis* v. *Adams,* 70 Cal. 403; 59 Am. Rep. 423; *Fox* v. *Tay,* 89 Cal. 339; 23 Am. St. Rep. 474; *Low* v. *Burrows,* 12 Cal. 188; Story's Conflict of Laws, sec. 516.)

5. If there be assets in another state or states than that in which the principal letters are granted, an administration may be obtained there, and such administration will be regarded as *ancillary* to the administration of the domicile, and, as a general rule, the excess of the

assets resulting from such *ancillary* administration, after the payment of local debts, expenses of administering and local legacies, if any, in the jurisdiction of the *ancillary* administration, will be transmitted to the administrator of the domicile, to be there distributed according to the law of the vicinage. (*Estate of Apple*, 66 Cal. 432.)

6. A certificate of deposit is a negotiable security, and to that extent is upon the same footing with promissory notes. (*Welton* v. *Adams*, 4 Cal. 37; 60 Am. Dec. 579; *Brummagim* v. *Tallant*, 29 Cal. 503; 89 Am. Dec. 61; *Mills* v. *Barney*, 22 Cal. 240; *Poorman* v. *Mills*, 35 Cal. 118; 95 Am. Dec. 90.)

7. An executor or administrator duly qualified to act as such, may assign negotiable securities due and owing to his decedent at the time of his death, which have come to him by virtue of his office, and his assignee may sue the maker thereof in another state without the necessity of letters testamentary or of administration being had in such latter state, if by the law of the *forum* actions are maintainable by the assignees of negotiable securities. (*Harper* v. *Butler*, 2 Pet. 239; *Sanford* v. *McCreedy*, 28 Wis. 103; *Robinson* v. *Crandall*, 9 Wend. 425; *Patchen* v. *Wilson*, 4 Hill, 57.) There are some authorities in opposition to the proposition last enunciated, but it is thought that the cases cited, and others to like effect, are upon principle correct.

8. For the purpose of founding administration a simple contract debt is assets where the debtor resides, even if a bill of exchange or promissory note has been given for it, and without regard to the place where the bill or note is found payable. (*Wyman* v. *Halstead*, 109 U. S. 654.)

Under this state of the law, and upon the facts of the case as demonstrated in the bill of exceptions and findings, what was the duty of the defendant when plaintiff was appointed administratrix in California?

He had not indorsed or assigned the certificate. The receiver had refused to allow it as a valid claim against

the bank. Defendant could not maintain an action to establish it as a claim in this state.

The very object of the ancillary administration in this state is to collect assets of the estate here, and it is the bounden duty of plaintiff to so collect them.

A paramount object of the local or ancillary administration is to collect the assets, locally situated, and to pay therefrom the demand of local creditors, if any there be. Whether there are any such creditors can only be determined by giving the notice to creditors required by our law. It would seem that, upon principle, it became the duty of defendant, when plaintiff was appointed and qualified, to surrender to the latter the evidence of the debt in question, which is upon simple contract, the payment of which can only be enforced here.

We concur in the views of the supreme court of the state of Mississippi, as expressed in *Klein* v. *French*, 57 Miss. 670, 671, where, after discussing cognate questions and enunciating the general principles applicable, it is said of the *domiciliary* administrator: "He has the title and the possession; he has the right to receive voluntary payment; he has the right to apply for and receive the appointment of ancillary administration, or to secure it to his nominee. He cannot, therefore, hold the evidence of debt and do nothing, for this would be most unjust to the distributees, and would result in a loss of the debt to them," etc., and after pointing out his duty to secure his own appointment, if practicable, and if not, it is said: "He should then take proper steps to have another appointed, and turn over to him the collection of the debt."

We conclude that when after her appointment plaintiff demanded from defendant possession of the certificate of deposit, it was the duty of the latter to have delivered the same to her, and that upon his refusal so to do, as against plaintiff, he was the wrongful holder thereof.

It follows that the findings of the court that plaintiff at the time of the filing of the complaint was not, never

has been, and is not now, the owner of, or entitled to, the possession of the certificate of deposit, and that defendant was and is the owner of and lawfully entitled to the possession of said certificate of deposit, are not supported by the evidence.

We recommend that the judgment and order appealed from be reversed and a new trial ordered.

HAYNES, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are reversed and a new trial ordered.

TEMPLE, J., HENSHAW, J., McFARLAND, J.