STATE ex Rel. FINLEY, Relator, v. DISTRICT COURT
ET AL., RESPONDENTS.

(No. 7,409.)

(Submitted February 4, 1935. Decided February 28, 1935.)

[43 Pac. (2d) 682.]

*Mr. William Scallon,* for Relator, and *Mr. W. T. Pigott,* of Counsel, for Relator, submitted a brief and argued the cause orally.

*Mr. T. B. Weir* and *Mr. Harry P. Bennett,* for Respondents, submitted a brief; *Mr. Weir* argued the cause orally.

MR. JUSTICE STEWART delivered the opinion of the court.

This is an original proceeding in the nature of an application for a writ of supervisory control, directed against the district court of Lewis and Clark county and one of the judges thereof.

Lena Cook, a resident of Lewis and Clark county, Montana, died on August 5, 1933. She left a last will and testament, which was duly probated in the district court of Lewis and Clark county on August 21, 1933. Her husband, Frank Hervey Cook, was named in the will as principal legatee and executor and was thereafter appointed by the court. He qualified and proceeded with the administration in Montana. He caused notices to the creditors of decedent to be published in accordance with law, requiring them to present their claims to him at Helena, Montana, within a period of ten months, which expired on June 22, 1934. Decedent owned property in Montana and also in California. On September 11, Frank Hervey Cook was appointed ancillary executor, or executor of Lena Cook's will in an ancillary administration of her estate in Ventura county, California. Notice to creditors was likewise published in the ancillary proceedings in California.

The petition for the writ recites the foregoing facts, and, in addition thereto, sets forth that deceased on December 26, 1931, at Seattle, Washington, made, executed and delivered to one E. J. Finley, relator in this proceeding, her certain promissory note for $7,500, payable at Seattle; that there is unpaid thereon the sum of $6,300 besides interest; that relator has never been a resident of the state of Montana and has never been therein; that he is a resident of the city of Los Angeles, California; that he did not learn of Lena Cook's death or that her estate was being administered, and that he had no notice of the notice to creditors given by the Montana executor, by reason of being out of the state of Montana, until on or about June 28, 1934, which was after the expiration of the ten months' period for presenting claims; that in July, 1934, he prepared in proper

form his creditor's claim for the balance, and accompanied it with a copy of the note, and in August, 1934, he presented the claim to the executor in Montana for allowance; that, in addition to the ordinary form of claim, he attached his affidavit showing that he learned of the death of the deceased and of the administration of her estate for the first time on or about the 28th of June, 1934; that in connection with the claim relator prayed for an order permitting it to be presented to the executor and received by him with the same effect as if presented before the expiration of the time for presenting claims fixed by the notice to creditors, and asked that the claim be acted upon in due course.

The claim was presented under the provisions of section 10173, Revised Codes 1921. This section, in addition to providing for the presentation of claims in ordinary form, and within specified limits, carries a special provision which reads as follows: "When it is made to appear by the affidavit of the claimant, to the satisfaction of the court or judge, that the claimant had no notice [of the publication of the notice to creditors] as provided in this chapter, by reason of being out of the state, it may be presented at any time before an order of distribution is entered."

The petition sets forth the fact that after the claim was presented to the district judge with request for action in accordance with the statute, he by order denied the application on the ground that notice to creditors had been given in the state of California in the ancillary proceedings, and that relator was a resident of that state and had never resided in the state of Montana, and was therefore without right to claim advantage of the special provision of section 10173, supra. The petition further avers that there is no appeal from the order of the district judge, and that there is no plain, speedy or adequate remedy available to relator, except by the interposition of this court by writ of supervisory control.

Answer was filed, alleging that this court lacked jurisdiction to grant the writ because relator has a plain, speedy and adequate remedy under the provisions of sections 10176 and 9731,

Revised Codes of 1921, and Chapter 11 of the Session Laws of 1925, page 12; that relator's claim is barred by the provisions of section 10173, supra; that the petition discloses that the claim was not presented until August, 1934, after the time for presenting claims had expired; that it fails to show that relator had no notice, as provided in Chapter 40 of the Code of Civil Procedure of 1921 (Rev. Codes 1921, sec. 10170 et seq.), of the time for filing creditors' claims in the estate; that the petition affirmatively shows notice given in the state of California, during all of which time the petitioner was present in that state; that it further fails to disclose that there was not sufficient property of the estate in the state of California to pay relator's claim and the claims of other creditors in that state; and that it fails to show that there is sufficient property belonging to the estate in Montana to pay the claims of Montana creditors of the estate.

We are of the opinion that the matter is properly before ██ ██ this court in the present proceeding. We do not believe that there is any appeal from the order of which complaint is made. It is not one of the appealable orders enumerated in section 9731 of the Code of Civil Procedure of 1921. By the provisions of section 2 of Article VIII of the Constitution, this court is granted general and supervisory control over all inferior courts under such regulations and limitations as may be prescribed by law. In the recent case of *State ex rel. State Bank of Townsend* v. *District Court*, 94 Mont. 551, 25 Pac. (2d) 396, 398, this court said: "We think one of the functions of the writ of supervisory control is to enable this court to control the course of litigation in the inferior courts where those courts are proceeding within their jurisdiction, but by a mistake of law, or willful disregard of it, are doing a gross injustice, and there is no appeal, or the remedy by appeal is inadequate."

The question, then, resolves itself into a construction of the provisions of section 10173, supra. There could be no doubt about the right of relator to present his claim to the Montana executor for appropriate action under that section, if there

had been no ancillary administration in the state of California. What was the effect of the ancillary proceedings in California upon the right of relator to present his claim to the domiciliary ▉ executor in Montana? It is a general rule that all creditors have a right to present their claims to the domiciliary representative, and that "creditors who reside in the jurisdiction where ancillary administration has been granted, may present their claims to the ancillary representative." (24 C. J. 1124, sec. 2695.) Unquestionably, relator had the right to present his claim to the Montana executor even though he may also have had the right, if he had chosen to exercise it, to present his claim in the ancillary proceedings in California. (3 Bancroft's Probate Practice, sec. 1216; *Blake* v. *McClung,* 172 U. S. 239, 19 Sup. Ct. 165, 43 L. Ed. 432; *McCully* v. *Cooper,* 114 Cal. 258, 46 Pac. 82, 55 Am. St. Rep. 66, 35 L. R. A. 492; *McKee* v. *Dodd,* 152 Cal. 637, 93 Pac. 854, 125 Am. St. Rep. 82, 14 L. R. A. (n. s.) 780.)

The real question determinative of the issue depends, there- ▉ ▉ fore, upon the relation between the Montana administration and the California ancillary administration. The lower court takes the position that because relator resided in the state of California and was in that state during the period of time during which claims could be presented in California, he is foreclosed and estopped from presenting his claim in Montana under the special provision of section 10173. We do not believe that this contention is sound. As a general proposition, we do not hesitate to say that, if relator had a right to present his claim in Montana at all, it would follow that he could do so under any of the provisions of the section. If any of its provisions were available to him, the whole section, with all of its provisions, was available. There is nothing in the language of the section that in any way forecloses or estops claimant from presenting a claim in Montana to the domiciliary executor because he may also have a right to present it to an ancillary representative in another jurisdiction.

Respondents rely chiefly upon the proposition that the publication of notice to creditors in California operated to impart

notice to the claimant, and thereby deprived him of the advantage of the special provision of our section 10173, supra. This proposition at once involves the questions whether there is a legal relationship existing between the two administrations as they are proceeding in Montana and California, and, if there is a relationship, what the nature of it is. The question of privity, if any, between the two administrations is important and controlling. We think the rule of law applicable in the premises is aptly stated by the author in Ruling Case Law, as follows:

"Although a domiciliary and an ancillary representative are in privity with the decedent, there is no privity between themselves. Hence estoppels in favor of or against one do not bind or affect the other. Each has to do only with the property of the estate within his own jurisdiction, and a judgment against him binds only such property, and will not furnish the basis of a right of action against the other administrator, even when the same person has received letters of administration in each jurisdiction." (11 R. C. L. 431.) This text is supported by cases cited in the note. One of the supporting cases is an early Montana decision: *Braithwaite* v. *Harvey*, 14 Mont. 208, 36 Pac. 38, 43 Am. St. Rep. 625, 27 L. R. A. 101. Another well-reasoned case is that of *Wilson* v. *Hartford Fire Ins. Co.*, 164 Fed. 817, 820, 90 C. C. A. 593, 19 L. R. A. (n. s.) 553.

In the late case of *In re Livingston's Estate*, 91 Mont. 584, 9 Pac. (2d) 159, 163, 90 A. L. R. 1036, we had under consideration a similar situation. There the controversy arose over the distribution of the property in the possession of the ancillary administrator in Montana, and the question involved was whether the Montana assets should be distributed direct to the beneficiaries under the will of the deceased, or be transmitted to the domiciliary administrator in California, where they would become subject to California debts. We held that the property in Montana should be converted into money and the proceeds applied toward the payment of the debts of the deceased finally wherever proved, and that it was not necessary that the claimant involved, a California creditor, should prove

his claim in Montana. In the course of the opinion, the court said: "The administration in Montana is independent of that of California, but it is nevertheless a part of the administration of the estate of Sarah P. Livingston, deceased." Good authority is cited for the foregoing declaration.

The principle of privity existing between domiciliary and ancillary administrators was very ably considered by the Circuit Court of Appeals of the Eighth Circuit (United States) in the case of *Wilson* v. *Hartford Ins. Co.*, supra. There the court used such comprehensive language that we do not hesitate to repeat it here: "But counsel say that the administrator with the will annexed appointed in Kansas is in privity with the executors appointed in Illinois, and, as the insurance company is estopped by the statute of limitations of Illinois from enforcing its claim against the former, it is also estopped from enforcing it against the latter. 'The term "privity" denotes mutual or successive relationship to the same rights of property.' (Greenleaf on Evidence, 16th ed., sec. 189.) Lord Coke divides privies into three classes—privies in estate, privies in law, and privies in blood. The only principle upon which the doctrine of estoppel applies to one party because of his privity with another is that the party claiming through another is estopped by that which estopped that other respecting the same subject matter. Thus the executors and the administrator with the will annexed are in privity with the testator, and are estopped by judgments and prescriptions that prevail for or against him, because they each derived the property they are respectively administering from him. But there is no privity between the Illinois executors and the Kansas administrator, because none of the property which the latter is administering was derived from the former, and none of the property which the former is administering was derived from the latter, so that an estoppel against or in favor of the latter does not relate to the same subject matter with which the former is dealing, and they are not privies in estate. They received their authority from different sovereignties over different property, they are accountable to different courts which

are acting under different laws, the authority of the executors is paramount and that of the administrator is nothing in Illinois, the authority of the administrator is paramount and the executors are without authority in Kansas, hence they are not privies in law. They are certainly not privies in blood, and the result is that they are not privies at all. The suggestion that in some incomprehensible way the domiciliary administration in Illinois is so primary and that in Kansas so ancillary that an estoppel of a claimant to urge his demand in the former proceeding estops him in the latter is not tenable. Under the statutes of Kansas, to which we have adverted, the administration in that state can never become ancillary to that in Illinois until the probate court in Kansas has fully paid out of the property of the estate in that state all the claims there presented and allowed, and has ordered the residue to be sent to the executors in Illinois under section 2980, Kan. St. 1901, and then it will become ancillary only to the extent of that residue. Until that order is made the administration in Kansas is independent of and coordinate with that in Illinois, and estoppels between the creditors and the representatives of the property of the estate in one jurisdiction are ineffectual for or against the representatives of the property of the estate in the other.''

In view of what we have said, it must be obvious that the claim of relator should be received and acted upon,—that is, allowed or disallowed in whole or in part, under the provisions of section 10173, supra. It is therefore ordered that a writ issue from this court directing that the claim of E. J. Finley be received in due course by respondent court and the executor of the estate of Lena Cook, deceased, and that the executor act upon the same in accordance with what we have said in this opinion.

Let a writ issue in accordance herewith.

ASSOCIATE JUSTICES MATTHEWS, ANDERSON and MORRIS concur.

MR. CHIEF JUSTICE SANDS, being absent on account of illness, takes no part in the foregoing decision.