STATE ex rel. BLANKENBAKER, Relatrix, v. DISTRICT
COURT et al., Respondents.

(No. 8,012.)

(Submitted October 6, 1939.   Decided November 29, 1939.)

[96 Pac. (2d) 936.]

*Mr. C. R. Stranahan, Mr. R. H. Glover, Mr. S. B. Chase, Jr.,* and *Mr. John D. Stephenson,* for Relatrices, submitted an original and a reply brief; *Mr. Chase* argued the cause orally.

*Mr. Ralph J. Anderson,* for Respondents, submitted an original and a reply brief, and argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

This proceeding invokes the supervisory power of this court to review the action of the respondent court in denying the petition of relatrix for a rehearing in a proceeding resulting in an order fixing and determining an inheritance tax. From the record it appears that Virgil F. Blankenbaker died on the 17th day of June, 1936; that during his lifetime and on February 13, 1934, and again on March 5, 1934, he executed deeds covering 6,690 acres of land to his wife Ella Blankenbaker, which deeds were recorded on March 7, 1934.

The respondent court in fixing the inheritance tax, included this property as subject thereto, and fixed the value thereof at $3.75 per acre. Relatrix contends that the court was in error in imposing a tax on such transfers, and in appraising all the real estate at $3.75 per acre. She sought to have these questions reconsidered on motion for rehearing.

Prior to 1935 the statute provided "Every transfer by deed, grant, bargain, sale or gift, made within two (2) years prior to the death of the grantor, vendor or donor, of a material part of his estate, or in the nature of a final disposition or distribution thereof, and without a fair consideration in money or moneys worth, shall, unless shown to the contrary, be deemed to have been made in contemplation of death." (Subd. 3, sec. 1, Chap. 105, p. 353, Laws of 1927.) In 1935 the statute was amended, changing the word "two" to the word "three." (Subd. 3 of sec. 1, Chap. 186, p. 404, Laws of 1935.)

The question involved, therefore, is whether Chapter 186 applies to deeds made before that law became effective.

It is elementary that it would have been competent for the legislature to have made this statute retroactive if it saw fit to do so. (*Reitler* v. *Harris,* 223 U. S. 437, 32 Sup. Ct. 248, 56 L. Ed. 497.) The question here is, Did the legislature

intend that Chapter 186 should apply to deeds made before the passage and approval of that act?

We think it did not.

Section 3 of the Revised Codes provides: "No law contained in any of the codes or other statutes of Montana is retroactive unless expressly so declared."

There is nothing in Chapter 186 to suggest that the legislature intended that it should apply to deeds theretofore made. It is a general rule that statutes are intended to operate prospectively only unless otherwise expressly stated or clearly and necessarily implied and the presumption is against retrospective operation. (25 R. C. L. 787, 788.)

That this rule applies to statutes such as the one we are considering was expressly held by the United States Supreme Court in *Shwab* v. *Doyle*, 258 U. S. 529, 42 Sup. Ct. 391, 393, 66 L. Ed. 747, 26 A. L. R. 1454, where the court in speaking of a statute creating a presumption that a transfer made within two years prior to the death of the grantor was made in contemplation of death said, "We need only say that we have given careful consideration to the opposing argument and cases, and a careful study of the text of the Act of Congress, and have resolved that it should be not construed to apply to transactions completed when the Act became a law. And this, we repeat, is in accord with principle and authority. It is the proclamation of both that a statute should not be given a retrospective operation, unless its words make that imperative and this cannot be said of the words of the Act of September 8, 1916."

It is contended that a different rule should apply here because of the fact that before the passage of Chapter 186 there was already in effect a statute declaring a similar presumption. That statute created the presumption as to transfers made within two years prior to the death of the grantor. The amended statute extended the period to three years. The only effect of the prior statute is that it and not the amended statute governs this case. We hold that Chapter 186 has no application to deeds made before its enactment.

There is no evidence in the record that the deeds in question here were actually made in contemplation of death. Hence, the only evidence upon which the court's finding can rest is the presumption supposed to arise by virtue of the statute. The court erred in invoking the presumption in this case.

Moreover, the court in its order fixing the tax determined that the interest should be computed thereon at the rate of ten per cent., whereas counsel for relatrix contend that in view of the holding of this court in the case of *In re Clark's Estate,* 105 Mont. 401, 74 Pac. (2d) 401, 114 A. L. R. 496, and in view of the fact that the litigation by and in behalf of relatrix must be at least partially successful, the interest rate should be only six per cent. We agree with the contention of relatrix on this point. We shall not consider other points raised on motion for rehearing.

If we eliminate from the amount of the tax that part based upon the deeds above mentioned, the tax will be reduced by more than $1,500, and if the tax bears but six per cent. interest, instead of ten per cent., there will be a further substantial reduction in the amount due. Hence, it is apparent that unless this court grants relief to relatrix a gross injustice will be suffered by her.

Respondents contend that even if the court erred in the particulars above mentioned, we cannot at this time grant to her any relief. They contend that these questions under the circumstances cannot be reviewed in this proceeding. The facts upon which they rely are these: The order fixing the tax was entered on August 3, 1938. On October 3, 1938, relatrix filed her motion for new trial, rehearing and reappraisement. That motion was denied by order on January 5, 1939. An attempted appeal from that order was dismissed on the ground that that order was not appealable. (*In re Blankenbaker's Estate,* 108 Mont. 383, 91 Pac. (2d) 401.) Specifically, it is the contention of respondents that if relatrix was entitled to any relief from the order of August 3, 1938, or from the order denying a rehearing, she should have appealed from the order of August 3 and on that appeal reviewed the order denying a rehearing, and not having done so her right to relief was forever dissipated.

There are cases supporting this view in respect to appeals generally. However, it is not a universal rule. Even though the right of appeal exists that fact does not necessarily compel the denial of the remedy of supervisory control. (*State ex rel. Larsen* v. *District Court*, 78 Mont. 435, 254 Pac. 414.) Supervisory control does not issue as a matter of right, but only in the discretion of the court and each case must be decided on its own facts and circumstances. It will issue when there has been a failure of justice and if the case is exigent, particularly where there is no clear remedy by appeal. (Compare *State ex rel. Thelen* v. *District Court*, 93 Mont. 149, 17 Pac. (2d) 57; *State ex rel. Finley* v. *District Court*, 99 Mont. 200, 43 Pac. (2d) 682.)

Here it is clear enough that the relatrix could have appealed from the order of August 3, but she would have been obliged to do so within 60 days after the entry of the order. (Subd. 4, sec. 9732, Rev. Codes; *In re Sattes' Estate*, 59 Mont. 220, 195 Pac. 1033.) Under the statute, section 10400.28, Revised Codes, she is allowed 60 days within which to apply for a rehearing. This she did, alleging among other things newly discovered evidence. Had she appealed from the order of August 3, she could not have incorporated the proceedings on motion for rehearing in the bill of exceptions and transcript for the reason that the transcript under the rules of this court, Rule IV, section 2, must be filed within 60 days after the appeal is perfected, and the bill of exceptions must have been settled prior thereto. Also, the brief of appellant must be filed within 30 days after the transcript is filed (Rule X, sec. 2.) Under the facts here, if relatrix had filed notice of appeal from the order of August 3, at the same time she applied for a rehearing, her transcript would have been due in this court on December 4, 1938, and her brief would have been due on January 3, 1939. The order denying the rehearing was not made until January 5. Hence the proceedings on motion for rehearing could not have been incorporated in the transcript much less in the bill of exceptions, which must be settled before the filing of a transcript. Had the notice of appeal been filed earlier,

transcript and brief would have been due that much earlier. It matters not that the court might have been willing to extend the time for preparing the bill of exceptions and for filing the transcript. The fact is that the statutes do not make it imperative that the court should do so.

"A 'plain, speedy, and efficient remedy' cannot be predicated ■ upon the problematical outcome of future consideration." (*Mountain States Power Co.* v. *Public Service Com.*, 299 U. S. 167, 57 Sup. Ct. 168, 169, 81 L. Ed. 99.) So while relatrix had the right to appeal from the order of August 3, it does not appear that the remedy afforded thereby would, under the circumstances, have been adequate to raise all of the points relied upon by her in her motion for rehearing. In fact, had she obtained the relief sought on motion for rehearing there would have been no occasion for an appeal at all.

There is involved here no element of laches. Plaintiff has ■ diligently sought to have corrected the erroneous ruling of the trial court. Under section 10400.28, Revised Codes, the rehearing contemplates a reconsideration of questions of law as well as of fact. When she applied for rehearing she raised the point that there was no evidence justifying a finding that the transfers above mentioned were made in contemplation of death. That motion should have been sustained. She had no right under the statute to appeal from that order. (*In re Blankenbaker's Estate,* supra.) Her right to have that question reviewed on appeal from the order of August 3, as above pointed out, was not clear and certain, since she alleged newly discovered evidence supporting the conclusion that the deeds were not in fact made in contemplation of death. Assuming that the matter of granting or denying a motion for rehearing under section 10400.28 rests in the discretion of the court, that discretion was abused here.

We think the circumstances of this case warrant us in issuing the writ of supervisory control. It is, therefore, ordered that the writ issue commanding the respondent court to set aside the order denying the motion for rehearing and to enter an order granting it. Our finding that the court erred in the par-

ticulars above mentioned is not to be considered as a holding that the court was not in error in other respects. The other questions raised on motion for rehearing we simply pass without comment leaving the matter to the district court to determine in the light of the showing to be made on the rehearing. It is so ordered.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES MORRIS, ERICKSON and ARNOLD concur.

## ON MOTION FOR REHEARING.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

On motion for rehearing respondents urge a point not presented on the original argument of the case. They now contend that the evidence was sufficient to support the conclusion that the transfers made on February 13, 1934, and March 5, 1934, were "intended to take effect in possession or enjoyment at or after such death," within the meaning of section 10400.1, paragraph 3, Revised Codes, hence are subject to the transfer tax.

If it can be said that the transfers here in question were intended to take effect in possession or enjoyment at or after death, then, of course they would be subject to the transfer tax. (*Estate of Oppenheimer*, 75 Mont. 186, 243 Pac. 589, 44 A. L. R. 1470.) The record does not support the conclusion that the transfers were intended to take effect in possession or enjoyment at or after death. They were both recorded March 7, 1934. Section 10400.1, paragraph 8, provides in part that "all transfers of property real, personal, or mixed, or of any interest therein, coming within the provisions of this section shall be prima facie proof, for the purposes of this Act, to have been made as of the date upon which the papers evidencing such transfer are recorded," etc.

It is noteworthy that the federal statute, identical with ours so far as the point we are discussing is concerned, has been construed as making transfers taxable or not dependent upon

whether title was divested at or after death or during the lifetime of the grantor. It has been held that if title passed beyond recall during the lifetime of the grantor, the transfer is not taxable even though the donee does not come into the actual enjoyment of the property until the death of the donor. (*Tait* v. *Safe Deposit etc. Co.*, (4 Cir.) 74 Fed. (2d) 851.) Whether we would apply that interpretation to our statute need not now be determined. The record does not disclose that the donee did not have possession and enjoyment of the property before the death of the grantor.

It is true that after the transfer, as before, the property was assessed in the name of Mr. Blankenbaker, and he alone made an income tax return, which the court found included the income from the property in question. The record discloses that Mr. Blankenbaker acted as agent for his wife in the management of other lands owned by her, as well as that involved in the two transfers. They used their lands together and had a joint bank account against which both were free to write checks. All the proceeds of the ranching operations were placed in the joint account.

When it is remembered that the transfers were made by husband to wife, and where at all times before and after the transfers they ran their affairs jointly as here, it cannot be said that the record warrants a finding that the transfers were intended to take effect in possession and enjoyment only at or after death.

The petition for rehearing is denied.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES MORRIS, ERICKSON and ARNOLD concur.

Rehearing denied December 23, 1939.