Melvin WILSON, Executor of the Estate of Charles Wilson, Deceased, Appellee,

v.

STATE of Oklahoma, ex rel. OKLAHOMA TAX COMMISSION, Appellant.

No. 50743.

Supreme Court of Oklahoma.

May 8, 1979.

Curtis & McCue by C. D. Curtis, Fairview, for appellee.

Marjorie Patmon, Gen. Counsel, Oklahoma Tax Commission and Edward A. Reed, Oklahoma City, for appellant.

HODGES, Justice.

This is an appeal by the Oklahoma Tax Commission [Commission] from the judgment of the district court, allowing recovery of $2,478.09, which was paid under protest, to the Commission as an additional assessment against the Estate of Charles Wilson, Deceased.

On March 29, 1972, the deceased deeded two quarter sections of land to his son, Melvin Wilson, appellee, and his daughter-in-law, Dorothy Wilson. Three months later, he executed a will deleting the devise of this property to his son. Charles Wilson died on February 20, 1975. The estate tax return was filed and the tax paid. However, the Commission assessed an additional tax based on the assertion that the gifts to appellee and his wife were made in contemplation of death. The appellee paid the additional assessment and brought this action for recovery pursuant to 68 O.S.1971 § 226(b).[1]

At the time Charles Wilson made the gift, there was a rebuttable statutory presumption that the transfer was in contemplation of death if the deceased died within two years of the gift.[2] On July 1, 1974, the

1. Title 68 O.S.1971 § 226(b) provides in pertinent part:

"Any such taxpayer shall pay the tax to the Tax Commission, and at the time of making such payment shall give notice to the Tax Commission of his intention to file suit for recovery of such tax . . ."

2. It is provided by 68 O.S.1971 § 807(A)(2):

"The value of the gross estate, used as a basis for a determination of the value of the net estate, shall be determined by including:

The value of any real or personal property, including the homestead to the extent hereinabove set forth, passing by deed, grant, bargain, sale or gift made in contemplation of death of the grantor, vendor, or donor, or intended to take effect in possession or enjoyment at or after his death; provided, that any transfer made by the decedent of a material part of his estate within two (2) years prior to death, without an equivalent in monetary consideration, shall, unless shown to the contrary, be deemed to have been in contemplation of death, and such transfers

statute was amended to increase the presumption period from two years to three years.[3] Charles Wilson died approximately two years and eleven months after he made the gift.

The dispositive issue on appeal is whether the two year statute, 68 O.S.1971 § 807(A)(2), or the amended statute, 68 O.S. Supp.1974 § 807(A)(2), the three year statute, is applicable to the decedent's gifts.

I

 The legislative purpose of the statute is to encompass within its terms transfers which are donative in nature. It represents a legislative scheme to prevent inheritance tax evasion by imposing certain criteria on inter vivos transfers. Contemplation of death statutes promote equality of taxation and prevent avoidance of estate taxes. Tax statutes should be strictly construed against the state. Any ambiguity or doubt as to two possible constructions must be resolved in favor of the taxpayer.[4] The construction of taxing statutes requires that legislative intent be ascertained and given effect.[5] It is elementary that the legislature was competent to make the statute retroactive if it desired to do so.[6] The

question presented becomes whether the legislature intended that the amended statute should apply to gifts made before its enactment.

 There is nothing in the amended statute to suggest that the legislature intended it to apply to gifts previously made. The general rule is that statutes are presumed to operate prospectively only. A clear expression of legislative purpose is required to justify a retroactive application. In the case of doubt, the doubt must be resolved against retrospective effect.[7] Where a statute or a portion thereof is amended by setting forth the amended section in full, the provisions of the original statute which are repeated are to be considered as having been the law from the time they were first enacted, and the new provisions or changed portions are to be understood as enacted at the time the amended act takes effect, and not to have any retroactive operation.[8]

The identical question was considered in *State v. District Court of Eighth Judicial District*, 109 Mont. 331, 96 P.2d 936 (1939). The Montana Supreme Court cited *Shwab v. Doyle*, 258 U.S. 529, 42 S.Ct. 391, 393, 66

shall be included at their net value at the date of decedent's death."

3. The amended statute, 68 O.S.Supp.1974 § 807(A)(2), provides in pertinent part:
"... Any transfer made by the decedent of the material part of his estate within three years prior to death without an equivalent in monetary consideration, shall, unless shown to the contrary, be deemed to have been in contemplation of death, ..."

4. *Shwab v. Doyle*, 258 U.S. 259, 42 S.Ct. 391, 393, 66 L.Ed. 747, 753, 26 A.L.R. 1454 (1922); *C. H. Leavell & Co. v. Okla. Tax Comm'n.*, 450 P.2d 211 (Okl.1968); *Campbell v. Cornish*, 163 Okl. 213, 22 P.2d 63 (1933).

5. *Affiliated Management Corp. v. Okl. Tax Comm'n.*, 570 P.2d 335 (1977).

6. *Reitler v. Harris*, 223 U.S. 437, 32 S.Ct. 248, 56 L.Ed. 497 (1912).

7. See *State v. Bailey*, 305 P.2d 548 (Okl.1956).

8. *Branz v. Hutchison*, 128 Neb. 698, 260 N.W. 198, 200, 201 (1935). See *Federal Broadcasting*

*System, Inc. v. F. C. C.*, 239 F.2d 941, 944 (D.C.1956); and *Beechwood Coal Co. v. Lucas*, 215 Md. 248, 137 A.2d 680, 683 (1958) for the premise that purely remedial and procedural remedies operate retroactively.

Retroactive rates have been applied under amendatory statutes to interests previously created where the interests were taxable under the statute in force at the time of their creation, and the decedent died after the passage of the superseding act. The rationale for retrospective application of increased rates is that there is no element of surprise because the interest was created with the knowledge of an established system of taxation, and subject to possible subsequent changes in the rate or form of tax. The Commission cites *Milliken v. United States*, 283 U.S. 15, 51 S.Ct. 324, 75 L.Ed. 809 (1931) for this premise.

We find there is a distinction. Under the statute, the taxable event is at the time of the irrevocable transfer. It is only if the transferor fails to meet the statutory criteria by living the required period of time, that the transfer becomes a part of his gross estate.

*L.Ed.* 747, 26 A.L.R. 1454 (1922)[9] which considered a statute creating a presumption that a transfer made within two years prior to the death of the grantor was made in contemplation of death. In *Shwab*, the United States Supreme Court held that the statute should not be construed to apply to transactions completed when the act became law. In the Montana case, as in this instance, it was contended that a different rule should apply because, before the passage of the amended statute, there was already in effect a statute declaring a similar presumption. The original statute created the presumption concerning transfers made within two years prior to the death of the grantor. The amended statute extended the period to three years. The Court held that the only effect of the prior statute was that it, and not the amended statute, governed the case.[10]

The Commission asserts that, should this Court decide the two year statute relating to gifts in contemplation of death is applicable, the only effect is to shift the burden of proof to the Commission. We do not agree. It is axiomatic that an estate tax can be imposed only if the decedent did not effectively complete a transfer of the property which complies with the statute.[11] We find that: there was an absolute transfer of the land during the life of the decedent; he lived eleven months beyond the period in which the presumption was operative, and after this time the presumption was no longer viable, and is incontestable by the Commission. The inter vivos gift from decedent to appellees is taxable according to the gift tax statute in force at the time of the transfer.[12]

AFFIRMED.

All the Justices concur.

**9.** The annotation, "Retrospective Operation of Succession Tax," at 26 A.L.R. 1454 (1922) has been supplemented by 66 A.L.R. 404 (1930), 109 A.L.R. 858 (1937), and 114 A.L.R. 518 (1938).

**10.** *State v. District Court of Eighth Judicial District, 109 Mont. 331, 96 P.2d 936 (1939)* was overruled on jurisdictional grounds in *State v.*

*District Court of Second Judicial District, 255 P.2d 693 (Mont.1953).*

**11.** See *In Re Childs' Estate, 18 Cal.2d 237, 115 P.2d 432, 136 A.L.R. 333 (1941).*

**12.** *Okla. Tax Comm'n. v. Harris, 455 P.2d 61, 73 (Okl.1969).*