OPINION — AG — 1977-1979 LICENSES ISSUED BY THE STATE BOARD OF COSMETOLOGY PURSUANT TO 59 O.S. 1971 199.10 [59-199.10] WOULD BE CURRENT THROUGH 1979. THEREAFTER, THE RENEWAL OF SUCH LICENSES SHALL BE GOVERNED BY THE 1978 AMENDMENT. (TIME, DURATION, RETROACTIVE APPLICATION, PROFESSIONS AND OCCUPATIONS) CITE: 59 O.S. 1971 199.10 [59-199.10] (PATRICIA DEMPS) FILENAME: m0010009 Pauline C. Winn, Executive Secretary, Oklahoma Board of Cosmetology Attorney General of Oklahoma — Opinion October 27, 1980 JAN ERIC CARTWRIGHT, ATTORNEY GENERAL OF OKLAHOMA The Attorney General is in receipt of your request for an opinion wherein you ask, in effect, the following question: What effect does 59 O.S. 199.10 [59-199.10] (1978), which shortens the duration of licenses, have upon a person holding a 1977-79 license issued by the State Board of Cosmetology pursuant to 59 O.S. 199.10 [59-199.10], prior to its amendment? Would this license be current through 1979 or would such license have to be renewed on the license holder's birthday in 1978 when the amended provision became effective? Title 59 O.S. 199.10 [59-199.10] (1971), provides in part: "All licenses issued under the provisions of this Act shall be issued for a period of two (2) years and shall expire on June 30 of the second year following their issuance. Applications for renewal of licenses shall be made on or before June 30 of the year of expiration on forms furnished by the Board." 59 O.S. 199.10 [59-199.10] was amended to provide in part: "All licenses issued under these provisions shall be issued for a period of one (1) year. The expiration date of the license shall be the last day of the month in which the applicant's birthday falls, except licenses expiring on June 30, 1978, will be valid until the last day of the month in which the applicant's next birthday falls." It is well established that a statute will not have a retroactive effect unless it is clearly indicated in the language of the statute. The Oklahoma Supreme Court in Wilson v. State ex rel. Oklahoma Tax Commission, 594 P.2d 1210 (1979) held: "The general rule is that statutes are presumed to operate prospectively only. A clear expression of legislative purpose is required to justify a retroactive application. In the case of doubt, the doubt must be resolved against retrospective effect." To require valid 1977-79 license holders to renew in 1978, the year in which the new law became effective, would, in effect, apply the provision retroactively to 1977-79 license holders. Further, the amended, provision expressly states that "all licenses issued under these provisions . . ." Thus, only a new license issued under the amended section or one which has expired and thereby eligible for renewal under the amended section will be affected by the 1978 amendment. Moreover, it is readily apparent from the exception referring to "licenses expiring on June 30, 1978," that the Legislature did not intend to void current licenses, but only apply the 1978 provision to new licenses issued or renewal applications for licenses expiring pursuant to the 1971 provision. It is, therefore, the official opinion of the Attorney General that 1977-79 licenses issued by the State Board of Cosmetology pursuant to 59 O.S. 199.10 [59-199.10] (1971) would be current through 1979. Thereafter, the renewal of such licenses shall be governed by the 1978 amendment. (PATRICIA R. DEMPS) (ksg)