Larry HOWELL, Appellee,

v.

James BALLARD, Gary E. Tate and Tate–Page Enterprises d/b/a Power Torque D/FW, Appellants.

No. 63724.

Court of Appeals of Oklahoma, Division No. 1.

Oct. 23, 1990.

Kent F. Frates and Michael K. Harrah, Oklahoma City, for appellants.

Don G. Holladay and Sally E. Scott, Oklahoma City, for appellee.

## MEMORANDUM OPINION

PATRICIA DOUGHERTY MacGUIGAN, Judge:

Appellee Howell brought his action below seeking to rescind a business transaction involving himself and Appellants. Tate, Ballard and Tate–Page Enterprises (Appellants) on the grounds that the business

interest sold to Appellee by Appellants constituted an unregistered security under the Oklahoma Securities Act, 71 O.S.1981 § 1, et seq. Appellee filed motion for summary judgment claiming the undisputed evidence reflected Appellant Tate–Page Enterprises (TPE) sold him an unregistered, non-exempt security and that Appellants Tate and Ballard had materially participated and aided in that sale. The trial court agreed, granting summary judgment in Appellee's favor and finding Appellants liable for the return of Appellee's investment plus interest, costs and attorney fees pursuant to 71 O.S.1981 § 408. This appeal results.

The factual scenario leading to the present dispute is as follows. In September and October of 1982, Appellee and Appellants Ballard and Tate took part in a number of meetings involving the proposed formation and structure of a business enterprise which was to be run by Appellant Tate–Page Enterprises. Neither Appellants Tate nor TPE were to invest any monies in the enterprise; Appellant Ballard and Appellee Howell were to provide capital funding but were not intended to play any active role in the management of the enterprise; Appellee Howell was to receive, inter alia, a percentage of the profits; and Appellants Tate and TPE were to run the business. Appellants, by their own admission, worked diligently to make the business a success but were defeated by "the economy and other circumstances beyond their control."

Appellants argue with conviction that Appellee's advance of monies did not involve a security, or if a security was involved the transaction was exempt from registration under 71 O.S.1981 § 401(b). Specifically, Appellants challenge the trial court's finding that the transaction involved a security, directing this Court's attention to, inter alia, Appellant Ballard's affidavit which states that during the course of negotiations, Appellee's attorney persuaded Appellee that the transaction should not involve the issuance of securities but should be structured as a loan agreement for tax purposes. In support thereof, Appellants point to a written but unsigned document entitled "Loan and Participation Agreement".

Title 71 O.S.1981 § 2(20) defines "security" as follows:

(K) Investment contract;

... [or]

(P) investment of money or money's worth including goods furnished and/or services performed in the risk capital of a venture with the expectation of some benefit to the investor where the investor has no direct control over the investment or policy decision of the venture.

Section 501 of the Securities Act further mandates that the Act be construed uniformly with the law of those states which enact it, and to "coordinate the interpretation and administration of this act with the related federal regulation." 71 O.S.1981 § 501.

■ Although Appellants argue the transaction involved was intended to be in the nature of a loan, as evidenced by the unsigned Loan and Participation Agreement, Appellee proffered evidence below that such transaction actually involved a security in the nature of an investment contract under 71 O.S.1981 § 2(20)(K) or investment under § 2(20)(P). The test to establish the existence of an investment contract requires 1) an investment of money or money's worth; 2) in a common enterprise; 3) with the expectation of a profit; 4) to be made through the management and control of others. *Securities and Exchange Commission v. W.J. Howey Co.*, 328 U.S. 293, 299, 66 S.Ct. 1100, 1103, 90 L.Ed. 1244 (1946). In the instant case, the evidence clearly reflects a payment by Appellee, $35,000.00 for which he expected to receive 12.5% of the net profits, thus satisfying elements 1 and 3.

■ Oklahoma courts have not addressed the definition of common enterprise (element 2); however, the Supreme Court of Washington has held that the term common enterprise denotes a "dependence by one party for his profit on the success of another in performing his part of the venture." *McClellan v. Sundholm*, 89 Wash.2d 527, 574 P.2d 371, 373 (1978). In the present case, the proffered evidence

clearly reflects the fact that Appellee had no part in the management enterprise, resulting in his dependence for his profit on the successful management of the business by others. Likewise, this evidence satisfies the requirement that Appellee's profit expectations be based on the efforts of others, element 4.

Although we agree with Appellants that the subject transaction was perhaps not initially intended to involve a security, this Court is bound by the legislative mandates found in Title 71. Therefore, based on the above and foregoing, we find no error in the trial court's determination that no material facts were at issue regarding the existence of a security and reject Appellants' proposition of error to the contrary.

■■■ Appellants next contend that if the transaction involved sale of a security, that security was exempt from registration under 71 O.S.1981 § 401. Section 401(b), in pertinent part, exempts the following transactions from registration:

(9)(A). Any sale to not more than twenty-five persons .. during any period of twelve (12) consecutive months, whether or not the seller or any purchasers are then present in this state, if:

1. the seller reasonably believes that all buyers in this state ... are purchasing for investment;

2. no commission or other remuneration is paid or given, directly or indirectly for any such solicitation or sale in this state ...;

3. no public advertising or solicitation will be used in any such solicitation or sale; and

4. a legend is placed on the certificate or other document evidencing ownership of the security, stating that the security is not registered under the act and that the security cannot be resold without being registered or qualified for an exemption under this act.

Exemption from registration is an affirmative defense. *State v. Hoephner*, 574 P.2d 1079 (Okl.Cr.App.1978). The burden of proving same is on Appellants, *Parrish v. Ben–Jon Oil Co.*, 666 P.2d 1308 (Okl.Ct. App.1983) (citation omitted), and all ele-

ments of the exemption must be proven. *Lambrecht v. Bartlett*, 656 P.2d 269 (Okl. 1982). We have reviewed the record and find that Appellants have failed to show material facts at issue as to whether the subject security was exempt from registration. Specifically, Appellants admit that they have failed to comply with § 401(b)(9)A.(4) which requires the document evidencing ownership to bear a restrictive legend. Appellants argue that the legislative amendment of this section in 1984, two years after the subject transaction, which amendment eliminated the legend requirement, indicates the restrictive legend requirement should not apply. However, statutes and their amendments are assumed to operate prospectively absent a clear legislative expression to the contrary. *Wilson v. State ex rel. Oklahoma Tax Commission*, 594 P.2d 1210, 1212 (Okl.1979); *Hammons v. Muskogee Medical Center Authority*, 697 P.2d 539 (Okl.1985). Because no document evidencing ownership exists upon which to place the restrictive legend as required by subsection (4), we find Appellants' second proposition without merit.

■■■ Finally, Appellants Ballard and Tate contend they are not liable because neither materially participated in nor aided Appellant TPE in the sale of the subject business interest to Appellee. Rather, Appellants Ballard and Tate argue that the entire transaction was solely between Appellee and Appellant TPE.

Title 71 O.S.1981 § 408(b) provides that every person who materially participates or aids in a sale of an unregistered security is jointly and severally liable. In the instant case, the deposition testimony of Appellants Ballard and Tate clearly reflect that each participated in the solicitation and negotiation stages of the business transaction with Appellee which led to his investment. We therefore find this proposition likewise without merit.

■■■ A party may not rely on the allegations of his pleadings or the bald contention that facts exist to defeat a motion for summary judgment. *Zaragosa v. Oneok*,

*Inc.*, 700 P.2d 662 (Okl.App.1984); *Culpepper v. Lloyd*, 583 P.2d 500 (Okl.1978); *Weeks v. Wedgewood Village Inc.*, 554 P.2d 780 (Okl.1976). Where one party moves for summary judgment and sets forth evidence which shows no controversy as to material facts, the burden of proof shifts to the opposing party to present evidence which would justify trial on the issue. *American Nat'l. Bank & Trust Co. of Shawnee v. Clarke & Van Wagner*, 692 P.2d 61 (Okl.App.1984); *Stephens v. Yamaha Motor Co., Ltd., Japan*, 627 P.2d 439 (Okl.1981); *Parsons v. Wood*, 584 P.2d 1332 (Okl.1978). Where reasonable men would not reach different conclusions upon consideration of the record, summary judgment is proper. Rule 13, Rules of the District Court, 12 O.S.1981, Ch. 2, App.; *Stuckey v. Young Exploration Co.*, 586 P.2d 726 (Okl.1978). In the instant case, the record reveals no material fact at issue; therefore, we find no error in the trial court's order granting summary judgment in favor of Appellee.

Affirmed.

ADAMS, P.J., and BAILEY, J., concur.